IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09-46667 |
| | ) | |
| JOHN L. PATTERSON, 3rd and | ) | Chapter 7 |
| DOROTA PATTERSON, | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtors. | ) | |
| | ) | |

**COVER SHEET FOR SECOND AND FINAL APPLICATION OF
FRANK/GECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

| | |
|---|---|
| Name of Applicant: | Frank/Gecker, LLP |
| Authorized to Provide Professional Services to: | Frances F. Gecker, Chapter 7 Trustee of the Estate of John L. Patterson, 3rd and Dorota Patterson |
| Period for Which Compensation is Sought: | October 16, 2011 through November 30, 2011 |
| Amount of Fees Sought: | $ 1,350.00 |
| Amount of Expense Reimbursement Sought: | $ 13.68 |
| This is a: | Second and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $4,891.53.

{PATTERSO/001/00028910.DOC/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09-46667 |
| | ) | |
| JOHN L. PATTERSON, 3rd and | ) | Chapter 7 |
| DOROTA PATTERSON, | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtors. | ) | |

## SECOND AND FINAL FEE APPLICATION OF FRANK/GECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JOHN L. PATTERSON, 3RD AND DOROTA PATTERSON FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Frank/Gecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of John L. Patterson, 3rd and Dorota Patterson, (the "Debtors"), hereby submits this second and final application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) for compensation for legal services performed and reimbursement of expenses incurred during the period of October 16, 2011 through and including November 30, 2011 (the "Application Period"), as counsel to the Trustee. In support of the Application, Frank/Gecker LLP respectfully represents as follows:

### INTRODUCTION

1. On December 10, 2009, the Debtors filed a voluntary petition for relief under Chapter 7 of the Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker is the duly appointed Trustee in the Case.

3.      The Trustee chose Frank/Gecker LLP ("F/G") as her counsel in the Case. On July 29, 2011, this Court entered an order authorizing the Trustee to retain F/G and Mr. Zielinski as her counsel.

4.      Counsel has received $4,891.53 in previously awarded compensation and reimbursement of expenses.

5.      The assets of this case consisted of the Debtors' interest in litigation initiated prior to the Petition Date in the Circuit Court for Cook County, Illinois (the "Circuit Court Litigation"). In the Circuit Court Litigation, the Debtors sought damages for allegedly negligent misrepresentations by a real estate agent in connection with the Debtors' purchase of a Las Vegas hotel condominium unit. The Trustee discovered that there was $30,000 in escrow funds being held. The Trustee negotiated a resolution in which $15,000 of the funds were turned over to the estate. On August 6, 2010, the Court entered an order approving the terms of the settlement agreement.

6.      This Application seeks allowance of all fees and expenses incurred by F/G from October 16, 2011 through and including November 30, 2011. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **SERVICES PERFORMED**

A. **Administration** $605.00

F/G spent 2.40 **hours** at a cost of **$605.00** in regards to court appearances on behalf of the Trustee and issues relating to the Debtors filing a Chapter 13 bankruptcy case during the pendency of their current Case, including researching case law concerning simultaneous Chapter 7 and Chapter 13 cases, and communicating with the Debtors' attorney and the Chapter 13 trustee.

B. **Claims** $385.00

Frank/Gecker spent **1.80 hours** at a cost of **$385.00** on issues relating to the amended claim filed by Real Time Resolutions, Inc., including a review and analysis of the claim to determine its extent and validity.

C. **Retention of Professionals/Fee Applications** $360.00

Frank/Gecker spent **1.80 hours** at a cost of **$360.00** on issues relating to preparing this second and final Application.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

Zane L. Zielinski (ZLZ) is an associate at Frank/Gecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

William G. Cross (WC) is an associate at Frank/Gecker LLP. Mr. Cross is a 2009 graduate of Loyola University Chicago School of Law. Mr. Cross specializes in bankruptcy law and has represented trustees and creditors in bankruptcy cases.

### III. CALCULATION OF TIME AND FEES

This is the Trustee's second and final application for compensation and reimbursement of fees and expenses of F/G. This Application applies to fees and expenses incurred by F/G from October 16, 2011 through November 30, 2011. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between F/G and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, during the Application Period F/G's attorneys and paralegal have spent a total of **6.00 hours** providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$1,350.00** for actual, necessary legal services performed (Exhibit A). The average hourly rate is **$225.00**. In addition, F/G has expended the sum of **$13.68** for actual necessary expenses incurred in representing the Trustee. F/G has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this Application, F/G has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by F/G on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. F/G worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, F/G has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used three categories. Most of these categories are substantive. The time entries cover all work performed by F/G regardless of whether it was office conferences, telephone conferences, research or some other type of work.

F/G does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into F/G's normal and customary rate.

No compensation has been promised to F/G, other than as disclosed or approved by this Court. F/G certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, F/G represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, Frank/Gecker LLP respectfully requests that this Court enter an Order:

A. Allowing Frank/Gecker LLP compensation for actual, necessary legal services in the amount of $1,350.00;

B. Allowing Frank/Gecker LLP reimbursement of actual, necessary expenses in the amount of $13.68; and

C. Authorizing the Trustee to pay Frank/Gecker LLP compensation and expense reimbursement in the total amount of $1,363.68.

Dated: November 30, 2011

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of JOHN L. PATTERSON, 3rd and DOROTA PATTERSON,

By: /s/   *William G. Cross*
One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
William G. Cross (IL ARDC #6299574)
**Frank/Gecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com
wcross@fgllp.com

{PATTERSO/001/00028910.DOC/}    6